RECEIVED MAY 12 2025 RICHARD W. NAGEL, CLERK OF COURT COLUMBUS, OHIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

Yuhan Liu,
Plaintiff,
v.
The Ohio State University,
Defendant.

JUDGE MORRISON

MAGISTRATE JUDGE VASCURA

Case No.: **2:25 CV 0525**

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES
JURY TRIAL DEMANDED

## I. INTRODUCTION

1. This is a civil action seeking injunctive and declaratory relief, as well as damages, arising from The Ohio State University's (OSU's) repeated failure to provide reasonable disability accommodations as required by federal law.
2. Plaintiff Yuhan Liu, a student with documented psychiatric disabilities, was denied a lawful and medically necessary alternative method for completing a required course (MATH 4548), despite timely requests, supporting medical documentation, and internal and external escalation efforts.
3. Defendant's actions constitute violations of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and federal anti-retaliation provisions.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(4) (civil rights).
5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in Columbus, Ohio, within the Southern District of Ohio.

## III. PARTIES

6. **Plaintiff** Yuhan Liu is a student with multiple documented psychiatric disabilities, including complex PTSD, panic disorder, OCD, and major depressive disorder, qualifying as a person with a disability under federal law.
7. **Defendant** The Ohio State University is a public institution of higher education that receives federal financial assistance and is subject to Title II of the ADA and Section 504 of the Rehabilitation Act.

## IV. FACTUAL ALLEGATIONS

8. **The following factual allegations are supported by documentary evidence submitted as Exhibits A through K.**

   Exhibit A - Declaration of Yuhan Liu

   Personal statement detailing the institutional failure, psychological harm, medical events, and exhaustion of internal remedies.

   Exhibit B - Medical Documentation (ER visit, discharge)

   Official hospital records including emergency visit, inpatient care, and discharge documents, proving inability to complete the exam.

   Exhibit C - SLDS Flex Plan + Course Letters

   Approved disability accommodations from SLDS and related communications with course instructors.

Exhibit D - Alternative Completion Proposal

Detailed proposal outlining an oral exam or equivalent alternative methods for course completion.

Exhibit E - Retaliation Timeline / Email Block Evidence

Timeline and evidence showing email blocking, retaliation, and administrative delays after filing complaints.

Exhibit F - Comprehensive Timeline & Clarification Summary

Complete chronological record summarizing all key events, communications, and institutional responses.

Exhibit G - Past Medical Record

Historical documentation of diagnosed conditions supporting the need for long-term accommodations.

Exhibit H - Supporting Document 1 & 2

Supporting materials highlighting the impact of medication and mental health conditions during the exam period.

Exhibit I - Anticipated University Arguments

Predicted defenses or justifications the university might raise, prepared for rebuttal.

Exhibit J - Georgetown Law Admission Letter

Proof of law school acceptance, showing the urgent academic impact of OSU's failure to act.

Exhibit K - Exhaustion Explanation

Summary of all internal and external resolution attempts, justifying the legal escalation.

9. Between April 8 and May 6, Plaintiff submitted multiple follow-up emails, medical documentation, and official SLDS Flex Plan approvals. Defendant failed to take timely action to implement a legally compliant plan.
10. On **April 24, 2025**, Plaintiff experienced a panic attack caused by the university's ongoing inaction and was admitted to the hospital. Plaintiff remained hospitalized and under medical care through April 30.

**11.** Plaintiff attempted to exhaust all internal channels within OSU, including both academic and administrative actors. Despite repeated, medically supported requests, no effective accommodation was implemented. Responses included:

Academic Channels

- **Academic Advisor:** Stated, "I don't know what to do," and provided no actionable guidance.
- **Instructor (Prof. LWZ):** Claimed Plaintiff was "too low-scoring" for alternatives, and deliberately ignored all direct requests for alternative completion or modified assessment.
- **Assistant Director (VC):** Replied, "I have no authority," and declined to act.
- **Associate Dean:** Initially deflected the matter back to VC, then **formally denied** Plaintiff's request without proposing any ADA-compliant alternative.
- **Dean:** Provided no response, even after receiving full documentation and being referred by the Ohio Department of Higher Education (ODHE).
- **Mathematics Department Chair (Prof. Dongbin Xiu):** Despite repeated CCs and escalations, provided **no response whatsoever**.
- **Vice Provost (Dr. Jones):** Informed Plaintiff that "no further response" would be given after the matter was raised with the President.
- **President and Board of Trustees:** Failed to respond, despite direct written appeals and ODHE's recommendation to intervene.

- **ADA Coordinator (Scott Lissner):** Redirected Plaintiff back to SLDS, despite being the final institutional authority for ADA compliance.

12. On the administrative side:

    - **SLDS (Disability Services):** Informed Plaintiff they could not schedule the final exam due to timing and repeatedly pushed responsibility to the instructor and department. Despite Plaintiff's medically documented Flex Plan being approved, SLDS failed to intervene or coordinate a legally viable completion plan. They also failed to follow up after receiving emails from Plaintiff, SLDS staff, and ADA officers.

      Although SLDS nominally approved accommodations, including the option to take the final exam in a private setting or via remote proctoring, such arrangements were incomplete, harmful, and clinically inappropriate. These options only addressed Plaintiff's social anxiety, but failed entirely to account for Plaintiff's major depressive disorder (MDD), generalized anxiety disorder, and panic disorder, which are triggered or exacerbated under high-pressure timed examination conditions.

      Plaintiff repeatedly informed OSU officials that her symptoms were dynamic and condition-dependent, with acute worsening during April 2025, a period that included multiple emergency hospital visits. During this time, Plaintiff's psychological condition mirrored the severity last experienced in late 2023, a period in which she was medically incapable of functioning under standard test formats. OSU was fully informed of this and yet continued to propose options that were medically unsafe and legally insufficient.

    - **Student Advocacy and Academic Affairs:** Provided no substantive response.
    - **Office of the Ombudsperson:** Acknowledged receipt of concerns, including allegations of retaliation by the Vice Provost, but stated it lacked enforcement authority and could only offer procedural suggestions. Another institutional door that could witness harm—but not prevent it.

13. As internal options were exhausted, Plaintiff submitted complaints to the following external agencies:

- **U.S. Department of Education – OCR:** Initially filed on April 17 with the Cleveland office; refiled and reassigned to Denver, with Chicago copied.
- **U.S. Department of Justice – Civil Rights Division**
- **Ohio Civil Rights Commission (OCRC):** Complaint accepted and case opened.
- **Ohio Attorney General's Office**
- **FERPA Complaint Office:** Complaint filed regarding academic access and possible retaliation.
- **ADA Information Line (DOJ):** Contacted for statutory guidance.
- **Ohio Department of Higher Education (ODHE):** Referred Plaintiff to university leadership due to administrative exhaustion.

14. Despite the above efforts, Defendant has neither acknowledged its legal obligations nor provided meaningful remedies. The failure to act has resulted in harm that is ongoing, compounded, and irreparable.

---

## V. CLAIMS FOR RELIEF

### Count I – Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.)

15. Defendant is a public entity that discriminated against Plaintiff by failing to make reasonable modifications to accommodate her disability.

### Count II – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

16. Defendant receives federal funding and failed to provide accommodations, thereby excluding Plaintiff from participation in its programs and benefits.

### Count III – Retaliation (ADA and § 504)

17. Defendant retaliated against Plaintiff for engaging in protected activity (requesting accommodations, contacting the

ADA Coordinator, and submitting complaints) by ignoring, deflecting, and obstructing relief, and by terminating communication.

## VI. DAMAGES

18. Plaintiff has suffered:

- Emergency psychiatric hospitalization;
- Worsening of PTSD, anxiety, panic disorder and depressive symptoms;
- Delay in graduation and disruption of educational plans;
- Loss of scholarship and professional opportunities;
- Financial strain, including costs related to medical care and legal advocacy.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

- **Order that Defendant and its agents shall not engage in any retaliatory conduct** toward Plaintiff for asserting her rights under the ADA and Section 504, including but not limited to academic retaliation, communication blocks, or procedural obstruction;

- **Require Defendant to provide Plaintiff with a lawful and medically appropriate alternative assessment** for MATH 4548, such as an oral examination format. If a single oral exam is deemed insufficient to substitute for the final exam, Plaintiff is willing to complete **up to ten oral problem-solving sessions**, provided the academic standard remains equivalent and fair.

  - The assessment shall be **administered and supervised by faculty other than the original course instructor**, who has been the subject of a formal complaint filed by Plaintiff;
  - The exam shall be **graded solely on the alternative assessment**, independent of prior coursework or interactions;
  - If a standard grade is contested, Plaintiff agrees to a **Pass/No Pass (S/U) basis**;

- Plaintiff **is willing to complete the oral exam via video conferencing**, and **consents to audio recording** of the exam for transparency, evaluation, and fairness;
- Plaintiff does **not consent to video recording of her face**, in accordance with her portrait rights and psychological limitations;
- The audio recording may be reviewed by appropriate academic personnel to ensure **neutrality, transparency, and academic rigor**;
- Plaintiff also requests that **lecture notes or equivalent instructional content** be provided in accordance with her registered SLDS accommodations;
- **Regardless of outcome**, Plaintiff must be given a full and fair opportunity to complete the course under reasonable accommodations, without pre-judgment or exclusion.

- **Grant any other relief this Court deems just and appropriate**, including but not limited to compensatory damages and associated costs.

## VIII. VERIFICATION

I, Yuhan Liu, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: _____2025.05.08_____
Signed: _____*Yuhan Liu*_____
Yuhan Liu
1396 N high street
614-961-5684

liu.10412@osu.edu