UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

Yuhan Liu,
Plaintiff,
v.
The Ohio State University,
Defendant.

Case No. _____
Judge _____

2:25 CV 0525

JUDGE MORRISON

MAGISTRATE JUDGE VASCURA

# MOTION FOR TEMPORARY RESTRAINING ORDER

ORAL ARGUMENT NOT REQUESTED

(Ex Parte and Emergency Relief Requested)

Plaintiff Yuhan Liu respectfully moves this Court, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, for the issuance of a Temporary Restraining Order (TRO) to prevent Defendant The Ohio State University ("OSU") from continuing to deny implementation of Plaintiff's approved disability accommodations. Plaintiff further requests an order compelling OSU to immediately arrange and honor an alternative academic completion plan for Plaintiff's remaining graduation requirement in MATH 4548, and to ensure timely certification of Plaintiff's Spring 2025 degree.

This request is based on the following:

## I. Immediate and Irreparable Harm

Plaintiff is at risk of suffering immediate and irreparable harm in the absence of court intervention.

Plaintiff has been diagnosed with complex psychiatric disabilities, including post-traumatic stress disorder (PTSD), generalized anxiety disorder, obsessive-compulsive disorder (OCD), and panic disorder. As

页 3

a direct result of these conditions, Plaintiff is unable to safely return to The Ohio State University's physical campus, which has been the site of repeated trauma and institutional neglect. For Plaintiff, the university is not merely an academic space, but a setting that triggers overwhelming psychological distress.

Plaintiff's medical needs were documented and submitted through proper university channels, but the requested accommodations were ignored or denied. On April 24, 2025, Plaintiff was hospitalized for acute psychiatric symptoms, making it medically impossible to complete the final exam in a traditional format. Plaintiff now holds an "Incomplete" in a required course, and must complete it by June 15, 2025, in order to graduate and submit a final transcript to Georgetown University by July 1, 2025. A delay would result in:

- A full-year deferment of graduate education;
- Potential loss of F-1 visa status due to I-20 expiration;
- Permanent disruption to Plaintiff's academic and professional trajectory;
- Ongoing and severe emotional deterioration, exacerbated by the institutional misconduct.

Plaintiff cannot complete the course on campus due to legitimate psychological barriers, and no viable alternative has been offered. Without judicial intervention, Plaintiff faces irreversible academic, legal, and emotional consequences that monetary damages cannot remedy.

As detailed in the accompanying Declaration of Irreparable Harm and Institutional Misconduct, Plaintiff has experienced severe psychological and procedural injury as a result of OSU's failure to implement reasonable accommodations. The harm includes panic attacks, hospitalization, suicidal ideation, immigration risk, and permanent academic disruption. This harm is both immediate and irreparable.

A full factual background is provided in **Exhibit A: Declaration of Yuhan Liu in Support of Motion for TRO**, which is incorporated herein by reference.

## II. Exhaustion of Remedies

Plaintiff has exhausted all internal remedies and administrative options, including but not limited to:

- Submitting accommodation requests through OSU's Student Life Disability Services (SLDS);
- Requesting an alternative completion plan through the Director of Undergraduate Studies and course instructor on April 8, 2025;
- Filing formal appeals with the Vice Provost, Associate Dean, and College Dean, all of whom failed to respond or acted to deflect responsibility;
- Contacting external regulatory agencies, including the Office for Civil Rights (OCR), the Ohio Civil Rights Commission (OCRC), and the Department of Justice (DOJ);
- Documenting retaliation, including email access being blocked by the Vice Provost following Plaintiff's protected civil rights complaints.

No resolution has been offered, and internal offices have either denied, ignored, or delayed accommodations beyond reasonable academic timelines.

## III. Requested Relief

Plaintiff respectfully requests that this Court grant the following:

1. A Temporary Restraining Order prohibiting OSU and its representatives from enforcing standard course completion procedures that conflict with Plaintiff's medically necessary accommodations;
2. An order compelling OSU to provide and supervise a remote, accessible, and alternative academic completion method for MATH 4548, such as an oral exam or written assignment, to be reviewed independently from the original instructor;
3. An order requiring OSU to certify degree completion no later than June 15, 2025, and to transmit all required documents for Plaintiff's graduate school enrollment by July 1, 2025;
4. Any further equitable relief the Court deems just and proper.

## IV. Notice and Risk of Retaliation

Pursuant to Rule 65(b)(1)(B), Plaintiff respectfully requests this motion be granted ex parte. Prior notice to Defendant would likely result in further retaliation and interference. After Plaintiff filed civil rights complaints, the Vice Provost blocked Plaintiff's university email account, effectively silencing communication and severing access to academic systems. This was repeated after the case was opened by OCRC. Such actions demonstrate a pattern of administrative retaliation in response to protected activity, and advance notice may cause the loss of critical evidence or delay necessary accommodations.

## V. Conclusion

Due to the immediacy of harm, failure of the university to provide legally mandated accommodations, and the Plaintiff's inability to wait for normal litigation timelines without suffering irreparable damage, Plaintiff respectfully requests that the Court grant this Motion for Temporary Restraining Order without delay.

Respectfully submitted,
May 8, 2025

*Yuhan Liu* (signature)

Yuhan Liu
1396 N high street
614-961-5684
liu.10412@osu.edu

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

Yuhan Liu,
Plaintiff,
v.
The Ohio State University,
Defendant.

Case No. _____
Judge _____

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION

Plaintiff Yuhan Liu respectfully submits this Memorandum in Support of her Motion for a Temporary Restraining Order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure. This emergency request seeks to compel Defendant The Ohio State University ("OSU") to implement a legally compliant alternative academic completion plan that accommodates Plaintiff's documented psychiatric disabilities, thus allowing timely graduation and avoiding catastrophic academic, professional, and immigration consequences.

As set forth below and in the attached declaration, Plaintiff satisfies the four-factor test articulated in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008): (1) she is likely to suffer irreparable harm in the absence of immediate relief; (2) she has demonstrated a strong likelihood of success on the merits; (3) the balance of equities tips in her favor; and (4) the public interest supports the requested injunction.

## II. LEGAL STANDARD

To obtain a TRO, a plaintiff must show:

1. A substantial likelihood of success on the merits;
2. A risk of immediate and irreparable harm absent the injunction;
3. That the balance of harms favors the plaintiff;
4. That the public interest would not be disserved by granting the injunction.

页 15

*Winter*, 555 U.S. at 20; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

These factors are not prerequisites but interrelated considerations that must be balanced together. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997).

## III. ARGUMENT

### A. Plaintiff Faces Immediate and Irreparable Harm

Plaintiff has been diagnosed with PTSD, anxiety, OCD, and panic disorder. Her condition renders it medically unsafe to complete in-person final exams. OSU's refusal to provide an alternative academic completion path for MATH 4548 despite formal SLDS-approved accommodations has placed her at risk of delayed graduation, the loss of admission to Georgetown University, and F-1 visa expiration.

She was hospitalized from April 24 to April 30, 2025, after experiencing multiple panic attacks and suicidal ideation. As of the date of filing, she continues to experience tremors and is on psychiatric medication. Without court intervention, Plaintiff will miss critical graduation and transcript deadlines (June 15 and July 1 respectively), with cascading and irreversible consequences.

Courts consistently hold that loss of educational opportunities, academic status, and immigration standing constitute irreparable harm. See *Patel v. Univ. of Vermont*, No. 5:22-CV-131, 2022 WL 16637918 (D. Vt. Nov. 2, 2022); *Ass'n of Cmty. Orgs. for Reform Now v. Fowler*, 178 F.3d 350, 359 (5th Cir. 1999).

### B. Plaintiff Is Likely to Succeed on the Merits

Plaintiff brings this action under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act. To prevail, she must show that:

1. She is a qualified individual with a disability;
2. She was denied reasonable accommodations;
3. The denial was by reason of her disability.

See *Kaltenberger v. Ohio College of Podiatric Med.*, 162 F.3d 432, 435 (6th Cir. 1998).

Plaintiff has had SLDS-approved accommodations on file since 2023. In Spring 2025, she submitted timely documentation and requested an alternative format for MATH 4548. The university not only failed to offer any completion plan, but the Vice Provost actively blocked her email after she filed a civil rights complaint. This conduct shows deliberate indifference and may constitute retaliation.

The record includes multiple written requests, SLDS letters, medical records, and a timeline of administrative deflection. Plaintiff is likely to succeed.

### C. The Balance of Equities Strongly Favors Plaintiff

OSU will suffer no harm from permitting a medically appropriate, remote completion format already contemplated by university policy. In contrast, Plaintiff faces permanent harm to her education, health, and legal status. An oral exam or equivalent assignment is reasonable and does not require any modification of academic standards. See *Doe v. Perkiomen Sch.*, 2020 WL 1975382 (E.D. Pa. Apr. 24, 2020).

### D. The Public Interest Supports Granting the TRO

Courts recognize the public interest in upholding disability rights, especially in public education. *T.W. v. New York State Bd. of Law Exam'rs*, 996 F. Supp. 163, 166 (S.D.N.Y. 1998). Protecting Plaintiff's right to equal access ensures that other students with disabilities are not chilled from requesting needed accommodations. Ensuring fairness in educational institutions serves the integrity of the academic system.

## IV. CONCLUSION

Plaintiff respectfully requests that this Court grant her Motion for a Temporary Restraining Order and order OSU to provide an immediate, medically safe, and legally compliant alternative academic completion plan for MATH 4548.

Respectfully submitted,
May 8, 2025

---

Yuhan Liu
1396 N high street

614-961-5684

Liu.10412@osu.edu