UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

YUHAN LIU,

      Plaintiff,

  v.                                         Civil Action 2:25-cv-525
                                                 Chief Judge Sarah D. Morrison
                                                 Magistrate Judge Chelsey M. Vascura

THE OHIO STATE UNIVERSITY,

      Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion to Proceed Under Pseudonym and to Seal or Redact Medical Records (ECF No. 39), and Plaintiff's Motion to Seal Educational Information (ECF No. 43). For the reasons that follow, Plaintiff's Motion (ECF No. 39) is **GRANTED** in part and **DENIED** in part. Plaintiff's second Motion (ECF No. 43) is **DENIED**.

Plaintiff filed her Complaint on May 12, 2025. (ECF No. 1.) Her claims arise out of allegations that Defendant, Ohio State University, failed to provide adequate accommodation in violation of the Americans with Disabilities Act. (*Id.*) Plaintiff's Motion to Proceed Under Pseudonym requests that her full name be redacted from all filings currently on the docket, and that she be allowed to proceed under the pseudonym "Jane Doe." (ECF No. 39.) Plaintiff alleges that the "[u]se of a pseudonym is necessary to protect Plaintiff's medical privacy, shield her from potential retaliation or reputational harm, and reduce the medical health risks associated with ongoing public disclosure of sensitive litigation materials." (*Id.*)

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

Plaintiff's Motion does not directly address any of the *Porter* factors. Instead, Plaintiff argues primarily that public disclosure of her medical information is likely to cause her physical and reputational harm. (ECF No. 39.) It is true that health information is subject to many federal and state statutory and regulatory protections; but "[a]lthough these laws support the nondisclosure of medical records, they do not entitle [Plaintiff] to litigate under a pseudonym." *Doe v. Carson*, No. 19-1566, 2020 WL 2611189, at *3 (6th Cir. May 6, 2020). Instead, when faced with litigation that inevitably requires the consideration of a party's protected health information, courts typically require the party to proceed under their own name while permitting the party's health information to be filed in redacted form or under seal. *See, e.g.*, *Doe, D.O. v.*

*OhioHealth Corp.*, No. 2:20-CV-2166, 2020 WL 12583953, at *2 (S.D. Ohio May 26, 2020); *Doe v. Univ. of Pittsburgh*, No. 1:17-CV-213, 2018 WL 3029085, at *2 (W.D. Mich. Jan. 12, 2018), *report and recommendation adopted*, 2018 WL 1312219 (W.D. Mich. Mar. 14, 2018).

Moreover, although Plaintiff asserts that continued exposure of her identity may "invite targeted online harassment and doxing; hinder future educational and employment opportunities; and exacerbate her psychiatric condition" she has not identified "any exceptional circumstances distinguishing her case from other cases brought by plaintiffs claiming disability discrimination who suffer from mental illness." *Carson*, 2020 WL 2611189, at *3 (affirming a district court's denial of a plaintiff's motion to retain anonymity based on this reasoning). Accordingly, Plaintiff's Motion to Proceed Under Pseudonym is **DENIED** in part (ECF No. 39).

However, Plaintiff's filing also includes a Motion to Seal Medical Records. Plaintiff asserts that many of her filings contain sensitive "medical and psychological information" including ER admissions and treatment programs. Plaintiff does not identify specific filings containing this information.

Based on these representations, the undersigned concludes Plaintiff's filings contain sensitive and confidential medical information that should be shielded from public access. Accordingly, Plaintiff's Motion to Seal Medical Records (ECF No. 39) is **GRANTED** in part. Plaintiff is **DIRECTED** to review the docket and to file a notice identifying, **by docket number (ECF No.)**, the specific filings containing her sensitive medical information for sealing **WITHIN SEVEN DAYS** of the date of this Order.

Finally, in her Motion to Seal Educational Information (ECF No. 43) Plaintiff requests sealing of filings containing reference to her admission to a university, and those containing reference to "individual educators who showed support or understanding of [Plaintiff's] . . .

struggles during the relevant period." (*Id.*) Plaintiff alleges that she makes the request to avoid implicating, involving, or pressuring any third-party institution or educator and to "protect third parties uninvolved in this litigation from reputational harm or unintended exposure." (*Id.*)

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News– Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Plaintiffs' Motion fails to meet the high standard set forth by the Sixth Circuit. Plaintiff has not identified how the information regarding her admission to a university or the names of individual educators is subject to nondisclosure and instead moves to seal these filings out of courtesy for others. This concern does not justify sealing.

4

For the foregoing reasons, Plaintiff's Motion to Seal Educational Information (ECF No. 43) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE